UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24004-BLOOM

ESTATE OF CHERISH PANKEY,

    Plaintiff,
v.

CARNIVAL CORPORATION,
*d/b/a Carnival Cruise Line,*

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff's Complaint, ECF No. [1], docketed on December 9, 2022. Plaintiff has not paid the filing fee but has moved to proceed *in forma pauperis*. ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Having screened Plaintiff's Complaint, the Court concludes it is subject to dismissal.

    To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Plaintiff's Complaint is deficient in several regards. First, it lacks "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Second, it lacks "a demand for the relief sought." *Id.* (a)(3). Third, the Complaint's allegations are not stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Fourth, the Complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quotation marks omitted). The Complaint seeks to recover for the death of Cherish Pankey, who allegedly fell from a Carnival cruise ship on December 11, 2021. ECF No. [1]. However, the Complaint does not state that Defendant Carnival Corporation is liable for Cherish Pankey's death, nor does it is allege sufficient facts to assert Defendant's liability. *Id.*

The Court also finds that Plaintiff's Application to Proceed *in forma pauperis* is deficient. *See* ECF No. [3]. In response to Question No. 5 of the Application, Plaintiff states that Plaintiff owns a home and car. *Id*. at 2. However, Plaintiff does not state the approximate value of those assets, as the Application instructs. *Id*.

Case No. 22-cv-24004-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint is **DISMISSED** without prejudice.

2. Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. [3], is **DENIED** without prejudice.

3. On or before **January 6, 2023**, Plaintiff shall file an Amended Complaint that corrects the deficiencies noted above.

4. With the filing of the Amended Complaint, Plaintiff shall either pay the filing fee of $402.00, or file a second Application to Proceed *in forma pauperis* that corrects the deficiency noted above.

5. Failure to comply with this Order will result in dismissal of this case without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 12, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

**Estate of Cherish Pankey**
18961 Mark Twain
Detroit, MI 48235
PRO SE