UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24004-BLOOM

ESTATE OF CHERISH PANKEY,
by the personal representative of the Estate,
Robbieal Terry-Brown, and
ROBBIEAL TERRY-BROWN, individually,
and as guardian of minor, A.H.W.,

    Plaintiffs,
v.

CARNIVAL CORPORATION,
*d/b/a Carnival Cruise Line,*

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiffs Estate of Cherish Pankey and Robbieal Terry-Brown's Second Amended Complaint, ECF No. [36] ("Motion"). Plaintiffs filed a Response in Opposition, ECF No. [39], to which Defendant filed a Reply, ECF No. [40]. The Court has reviewed the Motion, Response, Reply, the record in this case, applicable case law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

This is a maritime wrongful death action relating to the death of Cherish Pankey ("Pankey"). The following facts are alleged in the Second Amended Complaint:

On December 10, 2021, Pankey and her companion, the father of Pankey's minor child, A.H.W., attended a comedy show aboard Defendant's cruise ship, the *Carnival Miracle*. ECF No. [27] ¶¶ 10, 12. Defendant's crewmembers "witnessed the couple engage in verbal and physical

altercations," but instead of intervening, they "instigated the couple by questioning their altercation as part of the comedy's open routine and agenda." *Id.* ¶ 13. As a result, Pankey became "more distraught." *Id.* Pankey and her companion continued to fight on their way to their room, causing other passengers to complain about their "loud domestic dispute." *Id.* ¶ 14.

On December 11, 2021, around 3:00 a.m., Pankey "had fallen overboard." *Id.* ¶ 15. Her body was never found. *Id.* ¶ 25. There are no further allegations regarding the circumstances that led to Pankey falling off the *Carnival Miracle*.

Plaintiffs seek to recover against Defendant for Pankey's death. Plaintiffs assert five claims: Negligence (Count I); Negligence *Per Se* Under the Cruise Vessel Security and Safety Act, 46 U.S.C. § 3507, and the *Pennsylvania* Rule (Count II); Negligence *Per Se* Under 46 U.S.C. § 2304, and the *Pennsylvania* Rule (Count III); Death on the High Seas Act 46 U.S.C. §§ 30301-30308 (Count IV); and Application of Panamanian Law Through Death on the High Seas Act, 46 U.S.C. § 30306 (Count V).

Defendant moves to dismiss Counts II, III, IV, and V. ECF No. [36]. Defendant argues that neither Count II nor Count III set forth a valid claim of negligence *per se*, Count IV fails to identify a valid theory of recovery, and Count V fails to state a claim because Panamanian law does not govern this case. Defendant additionally moves to strike Plaintiffs' demand for punitive damages and other damages that are outside the scope of the Death on the High Seas Act. *Id.* at 2. Lastly, Defendant moves to dismiss all claims brought by Plaintiff Terry-Brown individually.

Plaintiffs respond that their negligence *per se* claims are valid, they have sufficiently stated a claim for punitive damages, and Terry-Brown is the proper Plaintiff to bring this lawsuit. ECF No. [39].

## II.    LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B. General Maritime Law

In cases involving torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal

courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case.").

### III.   DISCUSSION

#### A.   Counts II and III: Negligence *Per Se*

In Count II, Plaintiffs assert that Defendant breached its statutory duty under 46 U.S.C. § 3507(a)(1)(D), which requires vessels to "integrate technology that can be used for capturing images of passengers or detecting passengers who have fallen overboard, to the extent that such technology is available." 46 U.S.C. § 3507(a)(1)(D). In Count III, Plaintiffs allege that Defendant violated 46 U.S.C. § 2304(a)(1), which requires a "master or individual in charge of a vessel [to] render assistance to any individual found at sea in danger of being lost, so far as the master or individual in charge can do so without serious danger to the master's or individual's vessel or individuals." Due to those alleged breaches of its statutory duties, Defendant is "presumptively negligent and liable under the doctrine of *The Pennsylvania*, 86 U.S. 125 (1873)." ECF No. [27] ¶ 42.

Defendant moves to dismiss Counts II and III for three reasons. First, Defendant argues that negligence *per se* and the *Pennsylvania* Rule merely shift the burden of proof regarding causation; they do not provide a cause of action apart from negligence. ECF No. [36] at 4-6. Second, Defendant asserts that 46 U.S. § 3507(a)(1)(D) is "too general to impose a clear duty" on Defendant. *Id*. at 4. Third, Defendant argues that 46 U.S.C. § 2304(a)(1) cannot provide a basis

for a negligence *per se* claim because (a) § 2304 is a penal statute, so it cannot be used to satisfy an element in a civil action, and (b) § 2304 was intended to aid passengers of *other vessels*, not a passenger who falls overboard the master's own ship.

Plaintiffs do not meaningfully respond to any of Defendant's arguments. *See generally* ECF No. [39]; *see Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (quotation marks omitted)). Plaintiffs discuss the *Pennsylvania* Rule generally, but do not address Defendant's specific arguments regarding § 3507(a)(1)(D) and § 2304(a)(1). Plaintiffs appear to agree with Defendant that, if the *Pennsylvania* Rule applies, its effect is to shift the evidentiary burden. ECF No. [39] at 7. Plaintiffs have no response to Defendant's argument that negligence *per se* is not a cause of action distinct from negligence.

Defendants accurately cite *Skye v. Maersk Line, Ltd.*, No. 11-cv-21589, 2011 WL 4528305, at * 2 (S.D. Fla. Sept. 28, 2011), for the proposition that "[c]ourts tend to disfavor pleading negligence *per se* as a separate claim because it is not deemed to be independent from general negligence." *Id*. (citation omitted). Negligence *per se* is merely "the application of an evidentiary presumption whereby a plaintiff can satisfy the duty and breach elements of a general negligence claim as a matter of law." *Id* (quotation marks omitted). Accordingly, the *Skye* court dismissed a negligence *per se* claim that was "sufficiently subsumed" by a separate general negligence claim. *Id*. Similarly, as Defendant correctly argues, the *Pennsylvania* Rule does not provide a basis for an independent cause of action, but rather creates a "burden-shifting presumption[ ]" when it applies. *Hersch v. United States*, 2022 WL 214842, at *10 (11th Cir. Jan. 25, 2022).

Accordingly, the Court agrees with Defendant that Counts II and III should be dismissed as they are "sufficiently subsumed" within Count I, alleging general negligence. *Skye*, 2011 WL 4528305 at * 2.

### B. Count IV: Death on the High Seas Act

Defendant moves to dismiss Count IV, "Death on the High Seas Act ('DOHSA')," because DOHSA is not a valid cause of action, but rather "a jurisdictional federal statute that allows a representative of anyone who perishes on the high seas to bring a cause of action[.]" ECF No. [36] at 9 (citing, *inter alia*, *Complaint of American Dredging Co.*, 873 F. Supp. 1539, 1546 (S.D. Fla. 1994)).

Once again, Plaintiffs have neglected to respond to Defendant's argument, which is well supported. Count IV sets forth essentially the same allegations of negligence as Count I, which also invokes DOHSA. Count IV is therefore dismissed as duplicative of Count I.

### C. Count V: Panamanian Law

In Count V, Plaintiffs assert a claim arising under Panamanian law. ECF No. [27] at 15-16. Defendant argues that Count V must be dismissed because it is preempted by DOHSA. ECF No. [36] at 10 (citing, *inter alia*, *Martins v. Royal Caribbean Cruises Ltd.*, 174 F. Supp. 3d 1345, 1357 (S.D. Fla. 2016) (dismissing plaintiffs' claims under Bahamian law because DOHSA applied)).

Plaintiffs offer no response to Defendant's well-supported argument. Count V is dismissed.

### D. Damages

In the sole remaining Count—Count I—Plaintiffs assert entitlement to the following damages:

> loss of support, loss of inheritance, loss of past and future earnings, loss of net accumulations, loss of services, loss of nurture, training and guidance to minor child A.H.W., pre-death pain and suffering, funeral expenses, and punitive damages[.]

ECF No. [27] at 8-9.

Defendant argues that Plaintiffs' claim for punitive damages must be dismissed because "under general maritime law, a passenger is only entitled to pecuniary damages 'except in exceptional cases such as . . . those very rare situations of intentional wrongdoing.'" ECF No. [36] at 11 (quoting *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala., on Sept. 22, 1993*, 121 F.3d 1421, 1429 (11th Cir. 1997)). Defendant additionally asserts that DOHSA does not authorize damages for pre-death pain and suffering. *Id.* at 14 (citing, *inter alia*, *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 123 (1998)).

Plaintiffs do not respond to Defendant's argument that Plaintiffs cannot recover for pre-death pain and suffering. As for punitive damages, Plaintiffs assert that they "are well aware of the maritime laws limiting damages to pecuniary damages; however, there is an exception, a very limited one, where in exceptional circumstances such as those very rare situations of intentional wrongdoing." ECF No. [39] at 3. Plaintiffs point to Paragraphs 16-20 of the Second Amended Complaint, wherein Plaintiffs allege that Defendant committed various actions "negligently and/or willfully and/or recklessly[.]" ECF No. [27]. For example, in Paragraph 17, Plaintiffs allege that Defendant "negligently and/or willfully and/or recklessly did not exercise reasonable care in monitoring the passengers aboard their Vessel[.]" ECF No. [27] ¶ 17.

Plaintiffs do not assert valid claims for punitive damages simply by inserting the word "willfully" within allegations that clearly sound in negligence. *Id.*; *see Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1329 (S.D. Fla. 2019) ("Adding the word 'intentionally'" to an allegation sounding in negligence "is useless[.]"). In short, "the allegations in this complaint do not support

a plausible finding of intentional or wanton conduct necessary to sustain a punitive damages award." *Id.* at 1319.

Accordingly, Plaintiffs' claims for punitive damages and Pankey's pre-death pain and suffering are stricken.

### E. Claims Brought by Terry-Brown

Defendant argues that Plaintiff Terry-Brown's individual claims are not permitted under DOHSA, which permits "the personal representative of the decedent" to bring an action "for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative." 46 U.S.C. § 30302.

Plaintiffs respond that Defendant's argument "is one of formality," since all parties agree that Terry-Brown is the personal representative of Pankey's estate. ECF No. [39] at 7-8. Plaintiffs do not respond to Defendant's assertion that, under the plain language of DOHSA, the sole proper plaintiff is the personal representative of the decedent.

Accordingly, all claims asserted by Terry-Brown individually are dismissed. However, she will continue to represent the interests of A.H.W. as the personal representative of Pankey's estate.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [36]**, is **GRANTED**.
2. Counts II, III, IV, and V of Plaintiffs' Second Amended Complaint, ECF No. [27], are **DISMISSED WITH PREJUDICE**.
3. All claims within the Second Amended Complaint for punitive damages and pre-death pain and suffering are **STRICKEN**.
4. All claims asserted by Plaintiff Terry-Brown in her individual capacity are **DISMISSED**.

5. Defendant shall file an Answer to the Second Amended Complaint **no later than August 22, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 11, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record